UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

Shanicqua Suber Aponte

Debtor/appellant                                                                                     Civil No: 2:18-cv-05108

V                                                                                                              Bankruptcy No: 18-17113 ELF

Matthew J. Copley

Appellee

## Show Cause Not To Dismiss Appeal

   Dismissal of a bankruptcy case normally results in dismissal of related adversary proceedings, but court has discretion to retain jurisdiction. *Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159, 162-63 (2d Cir. 1995) (although the "general rule favors dismissal" of adversary proceedings when the underlying bankruptcy case is terminated, **this is not "automatic"**); *Fid. & Dep. Co. of Md. v. Morris (In re Morris)*, 950 F.2d 1531, 1534 (11th Cir. 1992) (same); *In re Davison*, 186 B.R. 741, 742-43 (Bankr. N.D. Fla. 1995) ("actions that depend upon the existence of the bankruptcy" – here Suber-Aponte's appeal from the order is not depend on existence of bankruptcy proceedings ; *Roddam v. Metro Loans, Inc. (In re Roddam)*, 193 B.R. 971 (Bankr. N.D. Ala. 1996) (ordinarily, dismissal of bankruptcy case will result in dismissal of all pending adversary proceedings but considerations of judicial economy, convenience and **fairness** may permit proceeding to continue); *In re Hanks*, 182 B.R. 930 (Bankr. N.D. Ga. 1995) (court lacks jurisdiction to enforce settlement which required dismissal of case; after dismissal, enforcement of the settlement was a contract claim to be disposed of under applicable state law). The order was settlement/agreement between the two parties in which the appellant Suber-Aponte believes that appellee Copley breached making the "contract" void.


Copley has retained possession of the property, he has been rewarded monies in escrow and he has not returned security deposit, therefor making him whole financially, (which are not being disputed) therefor retaining jurisdiction over this matter will not harm appellee. Appellant respectfully ask that this court does not dismiss as "moot" due to the fact of Constitutional

Rights would be hindered. Appellant was injured on property and the remaining factor on the appealed order hinders tenant/appellant from seeking legal recourse for her injuries.

Shanicqua Suber Aponte
PO BOX 102
Pottstown PA 19464
484-300-0042
Nicqua8212@gmail.com

## Certificate of Service

I certify that a true and correct copy of this "Show Cause" was mailed to appellee and bankruptcy court by way of USPS on March 8, 2019.

Matthew Copley
230 11th avenue
Collegeville PA 19426

United States Bankruptcy Court
Eastern district Pennsylvania
900 Market Street, suite 400
Philadelphia PA 19107

Shanicqua S Aponte
PO BOX 102
Pottstown PA 19464
484-300-0042
Nicqua8212@gmail.com