# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: SHANICQUA SUBER APONTE, Debtor. | Civil No. 2:18-cv-05108<br>Bankruptcy No. 18-17113 ELF |
| SHANICQUA SUBER APONTE, Appellant,<br>v.<br>MATTHEW J. COPLEY III, Appellee. | |

## **O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                                 **August 15, 2019**
**United States District Judge**

## I.     INTRODUCTION

Appellant Shanicqua Suber Aponte, appearing *pro se*, appeals an order entered by the United States Bankruptcy Court for the Eastern District of Pennsylvania that memorialized a settlement agreement between Appellant and Appellee Matthew J. Copley III and lifted the automatic stay. Before briefing in this appeal could be completed, the bankruptcy court dismissed Appellant's bankruptcy case for a failure to pay the filing fee and for other reasons stated on the record. Without an active underlying bankruptcy case, this Court directed the parties to show cause in written submissions as to why the Court should not dismiss the appeal as moot. For the reasons discussed below, the Court will dismiss the appeal as moot.

## II. BACKGROUND[1]

On October 26, 2018, Appellant Shanicqua Suber Aponte commenced bankruptcy proceedings by filing a *Chapter 13 Voluntary Petition for Individuals Filing for Bankruptcy* with the clerk of court for the United States Bankruptcy Court for the Eastern District of Pennsylvania. R. 1, 6-13. With this petition, Suber Aponte also filed other required documents. R. 2-3, 14-28. Pursuant to statute, the filing of the bankruptcy petition immediately triggered an automatic stay of judicial and other actions, proceedings, or claims that were commenced against Suber Aponte prior to her bankruptcy filing. *See* 11 U.S.C. § 362; *see also* R. 14 (Initial Statement About an Eviction to be served on Debtor's landlord).

Shortly after bankruptcy proceedings began, Appellee Matthew J. Copley III filed an objection and requested relief from the automatic stay of eviction. R. 3, 29-70. The bankruptcy court held a hearing to consider Copley's objection. R. 3-4, 71-72. Both parties were present at the hearing. R. 71. At the hearing, the parties reached an agreement to their dispute regarding Suber Aponte's continued possession of Copley's rental property and agreed that the bankruptcy court would memorialize the settlement in an order. R. 71. The parties agreed to the following terms: (1) the bankruptcy court sustained Copley's objection and granted him relief from the automatic stay of eviction provided that he not affect an eviction of Suber Aponte from the property prior to December 7, 2018; (2) Suber Aponte would withdraw an appeal pending in the Pennsylvania Superior Court that challenged Copley's state court judgment against Suber

---

[1] A portion of the bankruptcy record from October 26, 2018, to December 10, 2018, is filed on the Court's docket at ECF No. 6-1. The Court cites the record by Bates Number (that appears at the bottom right corner of the page), for example, "R. __". The Court also takes judicial notice of the bankruptcy court's docket No. 18-17113. The Court cites filings on the bankruptcy court's docket as "Bankr. Doc. No. __".

Aponte for possession and damages; (3) the bankruptcy court granted Copley relief from the automatic stay to seek release from the state court of all money held in escrow by the court and money he held or controlled in the form of a security deposit; (4) the bankruptcy court transferred to Copley funds Suber Aponte paid in to the court; (5) Copley would mark satisfied all state court eviction judgments held against Suber Aponte within ten days of receiving payment as described in items 4 and 5, and obtained possession of his rental property; and (6) Suber Aponte and Copley would release each other for all claims held against the other that arose from their landlord-tenant relationship through December 7, 2018. R. 71-72.

After the parties reached the agreement, but before the date on which the parties had agreed Copley could resume eviction proceedings, Suber Aponte commenced these appellate proceedings. ECF No. 1. Then, on December 6, 2018, Suber Aponte filed an emergency motion requesting a temporary stay. Mot., ECF No. 4. In this motion she described finding a new apartment to rent and asking Copley to extend the deadline for her to vacate his property until December 31, 2018. Mot. 1. After considering factors for whether to grant a stay pending appeal, *see In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015), this Court denied the motion because Suber Aponte had not made a strong showing of a likelihood of success on the merits of her appeal. Order, ECF No. 5. After denying that motion, the Court issued the schedule for filing briefs in the appeal. Notice, ECF No. 7.

While Suber Aponte's appeal progressed before this Court, the bankruptcy proceedings also continued to progress. *See* Bankr. Docs. Nos. 30-60. In those proceedings, the Court considered dismissing the bankruptcy several times because Suber Aponte failed to pay various fees or did not file certain documents. *See* Bankr. Docs. Nos. 30, 50, 63. This situation finally came to a head on January 10, 2019, when the Chapter 13 Standing Trustee, William C. Miller,

filed a motion for dismissal based on four grounds. Bankr. Doc. No. 50. The bankruptcy court held a hearing to consider this motion on February 12, 2019. Bankr. Docs. Nos. 55, 60, 63, 64. During this hearing, United States Bankruptcy Judge Eric L. Frank questioned Suber Aponte on the trustee's motion and the grounds on which the trustee moved for dismissal. Bankr. Doc. No. 60.[2] After discussing the circumstances of Suber Aponte's bankruptcy proceeding and her failure to pay the court filing fees, Judge Frank stated that he would issue an order requiring Suber Aponte to pay the filing fees by February 28, 2019. Bankr. Doc. No. 60. Suber Aponte made clear to Judge Frank, however, that she could not afford to pay the filing fees and that she would not be paying them. Bankr. Doc. No. 60. Therefore, Judge Frank dismissed the bankruptcy case. Bankr. Doc. No. 61; *see also* Bankr. Doc. No. 60. Judge Frank based the dismissal on Suber Aponte's failure to pay the court filing fees. Bankr. Doc. No. 61. Suber Aponte did not appeal the order dismissing her bankruptcy case.

Following the dismissal of the underlying bankruptcy case, this Court directed the parties to show cause as to why the Court should not dismiss the appeal as moot, Order, ECF No. 8, and the parties filed briefs, ECF Nos. 9, 10.

### III. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction over the appeal from the bankruptcy court's order pursuant to 28 U.S.C. § 158(a), and reviews "questions of law de novo, findings of fact for clear error, and exercises of discretion for abuse." *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998) (citing *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1223 (3d Cir. 1995)).

---

[2] On its docket, the bankruptcy court makes available the audio of this hearing. *See* Bankr. Doc. No. 60. The Court listened to the hearing in its entirety.

## IV. ANALYSIS[3]

As a federal court, this Court must assure itself that it has Article III jurisdiction in every case that comes before it. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). The Court's jurisdiction depends on if the claims before it are moot. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341-42 (2006). A case is moot where the underlying issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 838 F.3d 297, 303 (3d Cir. 2016) (citing *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)).

"The mootness doctrine is centrally concerned with the court's ability to grant effective relief." *Cnty. of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001). "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed [as moot]." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *accord In re PWS Holding Corp.*, 228 F.3d 224, 236 (3d Cir. 2000) (explaining that an appeal may be rendered constitutionally moot if events have taken place that make it impossible for the court to grant any relief whatsoever).

Where a bankruptcy case is dismissed, issues on appeal relating to that dismissed bankruptcy case are rendered moot. *In re Ponton*, 446 F. App'x 427, 429 (3d Cir. 2011); *see also In re Sykes*, 554 F. App'x 527, 528 (7th Cir. 2014) ("An unchallenged dismissal of a bankruptcy case moots a dispute about a stay because the stay, to be valid, requires a pending bankruptcy case."); *Olive St. Invs. v. Howard Sav. Bank*, 972 F.2d 214, 216 (8th Cir. 1992) ("Once the

---

[3] The Court has considered the parties' briefs and rules on these written submissions and without oral argument, pursuant to Federal Rule of Bankruptcy Procedure 8019 and Federal Rule of Civil Procedure 78(b).

bankruptcy proceeding is dismissed . . . . it no longer serves any purpose to determine whether the bankruptcy court properly lifted the automatic stay; the appeal has become moot."); *In re Income Prop. Builders, Inc.*, 699 F.2d 963, 964 (9th Cir. 1982) ("Once the bankruptcy was dismissed, a bankruptcy court no longer had power to order the stay or to award damages allegedly attributable to its vacation.").

The United States Court of Appeals for the Third Circuit's opinion in *In re Ponton*, is particularly relevant. In that case, the Third Circuit Court of Appeals dismissed as moot an appeal with similar circumstances to those presented in this case. There, the debtor appealed an order of the bankruptcy court lifting an automatic stay. *In re Ponton*, 446 F. App'x at 428. After the debtor filed the appeal, the bankruptcy court dismissed the underlying bankruptcy case and the debtor did not appeal. *Id*. The Third Circuit Court of Appeals dismissed the appeal as moot, reasoning that

> it would serve no purpose for us to determine whether the Bankruptcy Court properly lifted the automatic stay now that there is no bankruptcy proceeding whatsoever in which to ground a stay. Simply put, even if the Bankruptcy Court's lifting of the stay was somehow erroneous, we could not redress it now that an order of dismissal, which [the debtor] did not challenge, has been entered.

*Id.* at 429 (*citing Olive St. Invs.*, 972 F.2d at 216) (internal quotations and marks omitted).

Here, Suber Aponte appealed the bankruptcy court's order memorializing the settlement agreement between Suber Aponte and Copley and lifting the automatic stay. Before briefing in this appeal could be completed the bankruptcy court dismissed her bankruptcy case for a failure to pay the filing fee—a valid basis for dismissal. *See* 11 U.S.C. § 1307(c)(2); *see also In re Lepre*, No. 11-bankr-20288, 2011 Bankr. LEXIS 5289, at *8-9 (Bankr. W.D. Pa. July 15, 2011) (dismissing debtor's case for failure to pay the filing fee after bankruptcy court denied motion to waive filing fee and district court affirmed the order, notwithstanding the fact that the debtor also

6
081419

appealed the district court's order as debtor failed to obtain a stay pending appeal). These facts in Suber Aponte's case are similar, if not identical, to those of the case in *Ponton* and other courts. *See also Goldsmith v. Winnecour*, 485 B.R. 522 (W.D. Pa. 2013) (dismissing debtor's appeals where there was no longer a bankruptcy estate in existence over which to exercise any such authority because the debtor failed to appeal from the bankruptcy court's order dismissing the bankruptcy case).The Third Circuit Court of Appeals' ruling on this question leaves this Court with no choice. Without an active underlying bankruptcy case, this appeal is rendered moot and is dismissed.

## V. CONCLUSION

For the reasons stated above, Suber Aponte's appeal is dismissed. A separate order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge